IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00005-MR

| | |
|---|---|
| JOSEPH WAYNE RIDDLE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> YANCEY COUNTY SHERIFFS ) <br> OFFICE, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), [Doc. 2], and the Plaintiff's failure to notify the Court of his new address.

Pro se Plaintiff Joseph Wayne Riddle ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 while he was incarcerated at the Caldwell Correctional Center in Lenoir, North Carolina. [Doc. 1; see Doc. 1-1]. Plaintiff sought to proceed in forma pauperis [Doc. 2] and the Clerk ordered Plaintiff's correctional facility to provide his most recent prison trust account statement [Doc. 4]. The Court, however, was recently notified that Plaintiff has been released from custody. [Doc. 5]. Plaintiff has not notified the Court of his new address.

Federal courts can allow a litigant to prosecute or defend a civil action without paying the usual required fees if the litigant submits an affidavit containing a statement of the litigant's assets and demonstrating that he cannot afford to pay the required fees. 28 U.S.C. § 1915(a)(1). An impoverished plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948). The individual seeking to proceed in forma pauperis need only show indigence or poverty sufficient to demonstrate her inability to provide for the necessities of life while paying the costs of litigation. Id. at 339-40. If a court determines at any time that the allegation of poverty made in an in forma pauperis application is "untrue," then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A).

The Plaintiff's (Short Form) Application lacks the information necessary from which the Court may determine whether Plaintiff qualifies for in forma pauperis status. [See Doc. 2]. Moreover, the Application is now outdated, as Plaintiff has been released from custody. Accordingly, the Application will be denied without prejudice to Plaintiff paying the full filing fee or filing an Amended Application to proceed in forma pauperis within 14 days of this Order. Should the Plaintiff choose to file an Amended Application, he should use and **complete in full** the Application to Proceed in District Court without

Prepaying Fees or Costs (Long Form) (AO 239), which is available through the Court's website, http://www.ncwd.uscourts.gov.

Also, plaintiffs have a general duty to prosecute their cases. In this regard, a pro se plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Where a pro se plaintiff has failed to notify the Court of his change of address, the action is subject to dismissal without prejudice for failure to prosecute. Accord Walker v. Moak, Civil Action No. 07-7738, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail). Plaintiff here was released from custody on January 17, 2023, and he has not notified the Court of his new address. [See Doc. 5 at 1]. Before dismissing this action for failure to prosecute, the Court will give Plaintiff fourteen (14) days in which to notify the Court of his updated address.

The failure to timely comply with this Order will result in the dismissal of this case without prejudice and without further notice to the Plaintiff.

3

Case 1:23-cv-00005-MR   Document 6   Filed 03/07/23   Page 3 of 4

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] is **DENIED without prejudice** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have **fourteen (14) days** from this Order to pay the filing fee or file an Amended Application to proceed in forma pauperis (Long Form, AO 239). If the Plaintiff fails to timely comply with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff has **fourteen (14)** days from this Order to notify the Court of his new address. Plaintiff's failure to timely notify the Court of his new address will result of dismissal of this action without prejudice and without further notice to Plaintiff.

**IT IS SO ORDERED**.

Signed: March 6, 2023

Martin Reidinger
Chief United States District Judge